UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ESTATE OF YEVGENYI A. SCHERBAN; ESTATE OF NADEJDA NIKITINA; EYVGENYI E. SCHERBAN; RUSLAN E. SCHERBAN; EUGENE E. SCHERBAN; <br><br>  Plaintiffs <br><br>   -vs.- <br><br> MERRYL LYNCH, aka MERRILL LYNCH Co; aka MERRILL LYNCH PIERCE FENNER SMITH <br><br> and DOES from 1 to 10 <br><br>  Defendants | CIVIL ACTION <br> DOCKET No. 1:2014cv06312 <br><br> **RESPONSE OF ATTORNEY TO THE ORDER OF FEBRUARY 7, 2024, DKT 107** |

      The undersigned attorney respectfully responds to the portion of the Order, Dkt 107, dated February 7, 2024, stating in the relevant portion as follows: "Mr. Lambert, as counsel for Plaintiffs Estate of Yevgenyi A. Scherban; Estate of Nadejda Nikitina; Ruslan E. Scherban; and Yevgen E. Scherban is directed to inform the Court whether these Plaintiffs' claims have been addressed with finality, or whether these Plaintiffs expect to continue pro se…"  The undersigned apologizes that the ECF filing is factually posted on the next day after the date in the order, which is related to Internet issues at the hotel and the time zone difference.  The undersigned is currently in Munich, Germany, on a criminal defense matter in connection with the extradition proceedings.

      As this Court is aware, Ukraine, whose citizens all Plaintiffs are, is in the state of war for nearly 2 years now, with numerous grave issues in that country arising since February 2022.  That includes the objectively unavoidable issues with communications with parties in Ukraine, the country at war.  All of the three brothers are in the age that falls under army conscription laws of

1

Ukraine in the times of war. The period of time provided for a response on behalf of four Plaintiffs is relatively short.

As this Court is aware, all individual Plaintiffs are citizens of Ukraine. Since February 2022, the war has been ongoing in Ukraine, soon to mark the completion of its 2nd year. As stated before to the Court, the undersigned has been experiencing various communications problems with the clients and believes that he cannot be effective in representing them, particularly given the extraordinary circumstances of the wartime in their country.

As this Court is aware, there were from outset 5 plaintiffs. In addition to Eyvgenyi. E. Scherban, the elder of the sons, four other plaintiffs may have standing. The action was started to made the claims as a joint group of the parties with common interest, irrespective of which particular family accounts are at issue. For example, the Complaint, from August 2014, expressly treated all accounts as deriving from "family fortune" (at p. 6). The driving force in its creation, as the Complaint thoroughly showed (at pp. 6-11), was Yevgenyi A. Scherban. All three sons of Mr. Scherban the elder, have interest in his estate, as a matter of law. A likewise issue is with the interest in the second estate. Without intruding into attorney-client privileged information, all three sons had their relationship governed by several joint interest agreements, ultimately controlled by Ukrainian law. The undersigned may not pass on their validity and legal force, particularly under the law of Ukraine.

The timeframe for the active operation of the account in the name of Yevgenyi E. Scherban, the elder of the brothers, relates to 1994-1997. None of the brothers had anything to do with management of that account—or any account—ultimately controlled by their father, albeit the accounts being in various names. After the killings in October 1996, and absence of the wills, the

2

intents of both adults will remain unresolved. That is supported by the record in this action and the transcripts of the arbitration hearings of the live witnesses, including of two of three brothers.

Reference is also made to the Complaint, at p. 8, that properly discussed the inheritance issued governed by the law of Ukraine.

For these reasons the undersigned believes he should not counsel any brother in this matter, other than forwarding the text of the Order. Under the Model Rules of Professional Conduct, the undersigned believes it would be unethical for the undersigned to require from any party any definite decision or provide any legal advice as to whether or not they should pursue the claim arising from the remaining account in the name of Eyvgenyi E. Scherban, and if so on what terms among them. Hypothetically, any of the brothers temporarily inactive in this action could come back and make a claim that nobody was authorized to have his claim de facto confiscated by or through anyone else.

Short of a notarized common statement of three brothers, nothing would be, in the opinion of the undersigned, sufficient to resolve these issues, as to the brothers' standing of the claims against Merrill Lynch and the intent of each of the three. Therefore, the undersigned submits he has no authority to make any statement on that issue in the absence of a notarized joint statement of all three brothers asserting their positions regarding that asset and does not undertake any responsibility to make any statements on the behalf of any of the three brothers. To make the issues more complicated, there is no clarity who would be responsible for the legal fees for such inquiry overseas, that may trigger adjudication of standing in Ukraine under Ukrainian law relating to inheritance, if necessary.

For all of the above reasons, relying on the above Rules and case law, concerning the complexity of the family relations sometimes requiring unanimity and consensus in such issues in

the most secure, clear and documented manner, such as notarized joint statement(s), the undersigned respectfully abstains from taking any position on behalf of any plaintiffs in this matter. The undersigned is hopeful or rather confident that the Court will understand or agree that without a notarized joint statement of three brothers nothing else will secure the certified and unequivocal consensus of the brothers how they wish to proceed with regard to the claims against Merrill Lynch even though in the name of one of them, including necessarily their positions with respect to their positions among themselves.

The undersigned also reiterates his prior motion to withdraw from representing any plaintiff in this action.

Respectfully submitted,

Date: February 16, 2024

*/s/___(George Lambert)*
George Lambert, Esq.
D.C. bar #979327, pro hac vice
The Lambert Law Firm
1025 Connecticut Ave., #1000 NW
Washington, D.C., 20036
Tel.  (202) 640 1897, Fax (800) 952 1950
Attorney for all Plaintiffs

## CERTIFICATE OF SERVICE

The preceding was served on February 16, 2024, on the counsel of Defendant Merrill Lynch, as follows:

David J. Libowsky, Esq.
Principal
Bressler, Amery & Ross
17 State Street, 34th Floor
New York, New York 10004
212-425-9300 (telephone)
212-425-9337 (fax)
dlibowsky@bressler.com
DBrenniser@bressler.com
Attorney for Defendant Merrill Lynch

and on the Plaintiffs Clients
Eyvgenyi E. Scherban;
Ruslan E. Scherban;
Eugene E. Scherban.

Date: February 16, 2024

*/signed/ George Lambert*