UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ESTATE OF YEVGENYI A. SCHERBAN,          Case No.: 14-cv-6312 (VSB)(OTW)
ESTATE OF NADEJDA NIKITINA,
EYVGENYI E. SCHERBAN, RUSLAN E.
SCHERBAN, and YEVGEN E. SCHERBAN,

                              Plaintiffs,

      -against-

MERRILL LYNCH a/k/a MERRILL LYNCH
CO. a/k/a MERRILL LYNCH PIERCE
FENNER SMITH; BANK OF AMERICA
N.A. and DOES 1-10,

                              Defendants.
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT

ALEXANDER M. DUDELSON, ESQ. (AD4809)
*Attorney for Plaintiff*
26 Court Street - Suite 2306
Brooklyn, New York 11242
(718) 855-5100

Table of Contents

Tables of Authorities..................................................................................................................ii

PRELIMINARY STATEMENT...............................................................................................1

STATEMENT OF FACTS........................................................................................................1

ARGUMENT.............................................................................................................................2

I.  ANY DELAY WAS NOT INORDINATE AND DEFENDANT
    HAS SUFFERED NO PREJUDICE................................................................................2

II. THE FRAUD BASED CLAIMS HAVE BEEN TIMELY COMMENCED......................3

CONCLUSION..........................................................................................................................5

Table of Authorities

Statutes:

Fed.R.Civ.P. 15(a)..................................................................................................................3

Cases:

Allen v. McCurry, 449 U.S. 90, 95, 101 S.Ct. 411 (1980)...............................................................5

Blonder-Tongue Labratories, Inc. v. University of Illinois Foundation,
402 U.S. 313, 91 S.Ct. 1434, 1442-1443 (1971)............................................................................5

Flaherty v. Lang, 199 F.3d 607 (2d Cir. 1999).........................................................................4, 5

Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)...............................................3

Grace v. Rosenstock, 228 F.3d 40 (2d Cir.2000).........................................................................3

Postlewaite v. McGraw-Hill, 333 F.3d 42, 48 (2d Cir. 2003)...........................................................4

Quaratino v. Tiffany & Co., 71 F.3d 58 (2d Cir.1995)..................................................................3

Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230 (2d Cir.1995)..........................................3

Rivet v. Regions Bank of La., 522 U.S. 470, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998)....................4

Schiro v. Farley, 510 U.S. 222, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994).........................................4

United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999)..........................................................5

Montana v. United States, 440 U.S.147, 153, 99 S.Ct 970 (1970)..................................................5

## PRELIMINARY STATEMENT:

Plaintiff Eyvgenyi E. Scherban hereby submits his reply to the defendant's opposition to plaintiff's motion for leave to file an amended complaint.

## STATEMENT OF FACTS:

On October 15, 2014, in lieu of filing an answer, the defendant moved to compel arbitration and stay the action pending arbitration. (Dkt. 16). On September 20, 2015, this Court granted in part and denied in part the Defendant's motion to compel arbitration and stay the action. (Dkt. 31). As relevant here, this Court held that "Defendant's motion to compel arbitration of Eyvgenyi's claims concerning his account is DENIED because Defendant did not provide an arbitration agreement related to this account, and the scope of arbitration clause in Yevgenyi's and Nadeja's CMAs do not encompass Eyvgenyi's account." (Dkt. 31). On May 18, 2018, it was determined that all of the plaintiff's claims, with the exception of Eyvgenyi, were subject to arbitration with FINRA. (Dkt. 49). Pending the arbitration proceeding with FINRA, this case was stayed. (Dkts. 31, 49).

The plaintiffs' claims that were subject to FINRA were ultimately dismissed in March 1, 2019 based upon the statute of limitations. (Dkt. 51-1). On March 30, 2019, the plaintiffs, with the exception of Eygenyi E. Scherban, moved to vacate the arbitration award. (Dkt. 54). On April 22, 2019, the defendant moved to confirm and correct the arbitration award. (Dkt. 62). The award was confirmed and corrected by this Court on June 23, 2021. (Dkt. 68). On July 22, 2021, this Court issued an Order directing the parties to file a joint letter, no longer than three pages, updating the Court on the status of this case. (Dkt. 69). On July 29, 2021, the parties filed

a joint letter in compliance with the Court's directive. (Dkt. 70). In the letter, with respect to the remaining claim of Eyvgenyi E. Scherban, the parties stated the following: "Plaintiffs request to allow commencement of the discovery under F.R.Civ.P 26-37, focusing on that account. It is noteworthy that despite that this action was filed in August of 2014, no discovery has been allowed so far, where the stay imposed by Merrill Lynch, had precluded formal discovery." (Dkt. 70). On December 9, 2021, the Court issued a Civil Case Management Plan and Scheduling Order. (Dkt. 72). On January 13, 2022, the defendant filed a request, on consent, for an extension of time to file an answer (Dkt. 73), which was granted (Dkt. 74). An answer was filed for the first time on February 9, 2022. (Dkt. 78). This matter was then stayed on March 8, 2022. (Dkt. 85). The stay was extended to May 6, 2024. (Dkt. 107). Plaintiff was directed to file an amended complaint on June 13, 2024. (Dkt. 109).

## ARGUMENT:

I. ANY DELAY WAS NOT INORDINATE AND DEFENDANT HAS SUFFERED NO PREJUDICE.

Defendant argues that Plaintiff could have sought leave to amend as early as June 23, 2021, the date that Judge Broderick ruled on the motion to vacate the arbitration award. As stated by the defendant, "[t]hat is, once Judge Broderick denied the motion to vacate the Award and Plaintiffs did not appeal from that order, the Scherban Arbitration was no longer pending. As such, the stay expired by the express terms of the Court's rulings." Due to the defendant's own requests and delay, an answer was filed for the first time in this proceeding on February 9, 2022. (Dkt. 78). Less that thirty days later, this matter was once again stayed, and the stay continued into May of 2024.

Fed.R.Civ.P. 15(a) requires that leave to amend be "freely given when justice so requires." Freely granting leave to amend an answer "facilitate[s] a proper decision on the merits" and identifies the material issues of the case. Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted." Quaratino v. Tiffany & Co., 71 F.3d 58, 66 (2d Cir.1995). Undue delay alone, is usually insufficient to deny leave to amend a pleading. Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234–35 (2d Cir.1995). Additionally, leave to amend may be denied when the amendment "would unduly delay the course of the proceedings by, for example, introducing new issues for discovery." Grace v. Rosenstock, 228 F.3d 40, 54 (2d Cir.2000).

In the matter at bar, the defendant has not alleged bad faith, dilatory tactics or undue prejudice. Indeed, due to the stays, the parties have not engaged in discovery in this proceeding. The first case management plan was entered on December 9, 2021 and the case was stayed on March 8, 2022. As previously indicated, the defendant did not file its answer until February 9, 2023. Any delay herein was justifiable and certainly was not for an inordinate period of time. Most of all, defendant has suffered absolutely no prejudice.

II.     THE FRAUD BASED CLAIMS HAVE BEEN TIMELY COMMENCED.

Defendant contends that the proposed amended complaint would be futile, based on the FINRA arbitration award determining that the claims were dismissed on statute of limitations grounds. Defendant's contention is untenable. Plaintiff has argued that the fraud claims were first discovered during the FINRA arbitration, which in turn caused the claim to be amended in that tribunal to assert the fraud based claims. "Res judicata and collateral estoppel are related but

distinct doctrines that may bar a party from litigating certain claims or issues in a subsequent proceeding." Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir. 1999). "Both doctrines have a common objective: the finality of judgments, and they often overlap in a particular case." Parker v. Corbisiero, 825 F. Supp. 49, 54 (S.D.N.Y. 1993). Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" Flaherty, 199 F.3d at 612 *quoting* Rivet v. Regions Bank of La., 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998). "In contrast, collateral estoppel, or issue preclusion, 'means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated by the same parties in a future lawsuit.'" Id. *quoting* Schiro v. Farley, 510 U.S. 222, 232, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994). "Under either federal law or New York State law, collateral estoppel, or issue preclusion, bars the relitigation of an issue that was raised, litigated, and actually decided by a judgment in a prior proceeding, regardless of whether the two suits are based on the same cause of action." Postlewaite v. McGraw-Hill, 333 F.3d 42, 48 (2d Cir. 2003). However, "in order for a judgment to be preclusive, the issue in question must have been actually decided, and its determination must have been essential to the judgment." Id. In other words, "[i]f an issue was not actually decided in the prior proceeding, or if its resolution was not necessary to the judgment, its litigation in a subsequent proceeding is not barred by collateral estoppel." Id. Collateral estoppel thus "applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Flaherty,

supra at 613 *quoting* United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999).

Though Eyvgenyi E. Scherban was a witness in the FINRA proceeding, neither the doctrine of Res Judicata nor collateral estoppel foreclose him from challenging the issues of fact or law in that proceeding. Res judicata does not apply because he was not a party to the proceeding. The doctrine of collateral estoppel does not apply to him because there are but two necessary requirements for the invocation of the doctrine of collateral estoppel, namely: there must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and, second, there must have been a full and fair opportunity to contest the decision now said to be controlling. See Allen v. McCurry, 449 U.S. 90, 95, 101 S.Ct. 411 (1980); Montana v. United States, 440 U.S.147, 153, 99 S.Ct 970 (1970); Blonder-Tongue Labratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 328-329, 91 S.Ct. 1434, 1442-1443 (1971). The doctrine of collateral estoppel may not be invoked in this proceeding against Eyvgenyi E. Scherban, because he did not have a full and fair opportunity to contest the aforesaid FINRA decision, notwithstanding that he appeared in said proceeding as a witness. Indeed, since the respective stays tolled the statute of limitations, the time calculated towards the statute of limitations would be, at most, the period of June 23, 2021 (as acknowledged by the defendant) to March 8, 2022 and May 6, 2024 to October 16, 2024. The additional claims would therefore be within a two year period for causes of action sounding in fraud.

## CONCLUSION:

For the reasons set forth above, it is respectfully requested that this Court grant plaintiff leave to file the amended complaint.

Dated: Brooklyn, New York
      November 13, 2024

                                              */s/ Alexander M. Dudelson*
                                              ALEXANDER M. DUDELSON, ESQ. (AD4809)
                                              *Attorney for Plaintiff*
                                              26 Court Street - Suite 2306
                                              Brooklyn, New York 11242
                                              (718) 855-5100